IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

AUDRA ANNE BLOUNT                                                                                  PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:23-CV-365-DAS

COMMISSIONER OF SOCIAL SECURITY                                                        DEFENDANT

MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Docket 11. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

The plaintiff, Audra Anne Blount, filed her application for benefits on November 4, 2020, alleging onset of disability commencing in November 30, 2020. She later amended her alleged onset date to June 1, 2019. The Social Security Administration denied the claim initially and on reconsideration. Following a hearing, the ALJ issued an unfavorable decision on March 2, 2023. The Appeals Council denied the plaintiff's request for review, and this timely appeal followed.

The ALJ determined the plaintiff had the following severe impairments: ulcerative colitis, irritable bowel disease, depression, and anxiety. The ALJ found that from February 5, 2020, through October 27, 2021, she retained the residual functional capacity (RFC) to perform light work, with additional limitations.[1] For this period, the ALJ determined the plaintiff was unable to perform any of her past relevant work and there were no jobs in the national economy that she could have performed. Thus, she was found disabled.

For the period before February 5, 2020, and beginning October 28, 2021, the ALJ determined the plaintiff retained the RFC to perform light work with the following additional limitations: she must avoid loud noise; she can perform routine and repetitive tasks, understand, remember, and carry out short, simple instructions, sustain concentration, persistence, and pace for 2-hour blocks of time, and make simple work-related decisions; she can occasionally interact with coworkers and supervisors and never interact with the general public; she can adapt to occasional changes in the workplace; she cannot work at a specific piece or production rate pace; and she will be off task up to 10% of the workday due to depression and irritable bowel syndrome. Again, the ALJ determined she was unable to return to her past relevant work but, based on VE testimony, found she could perform the jobs of router, routing clerk, and inspector/packer.

---

[1] The ALJ's light RFC for the period between February 5, 2020, and October 27, 2021, includes the following additional limitations:

> [the plaintiff] must avoid loud noise; she can perform routine and repetitive tasks, understand, remember, and carry out short, simple instructions, sustain concentration, persistence, and pace for 2-hour blocks of time, and make simple work-related decisions; she can occasionally interact with coworkers and supervisors and never interact with the general public; she can adapt to occasional changes in the workplace; she cannot work at a specific piece or production rate pace; she will be off task 15% or more of the workday due to depression and irritable bowel syndrome; and she will likely miss 2 or more workdays per month due to depression and irritable bowel syndrome.

ANALYSIS

The plaintiff appeals the ALJ's determination that she was not disabled before February 5, 2020, or beginning October 28, 2021, and raises three issues for this court's consideration.

.	First, the plaintiff challenges the ALJ's finding that she was moderately limited in her ability to concentrate, persist, or maintain pace. However, at the hearing before this court, the plaintiff acknowledged that there is substantial evidence to support a moderate limitation, and this court agrees. The only evidence offered in support of a greater limitation is the plaintiff's subjective testimony about her abilities to watch TV and read. As highlighted in the Commissioner's response, the record is replete with objective evidence supporting a moderate limitation in this area. The plaintiff has not supported her subjective complaints with any objective medical findings that the ALJ did not consider, and thus, there is no basis to remand on this issue.

Next, the plaintiff argues the ALJ erred in failing to obtain a copy of her previous social security file. In the plaintiff's pre-hearing brief submitted to the ALJ, her attorney requested a copy of the prior adjudication of benefits and continuing disability review which terminated benefits in June 2017. At the administrative hearing, the ALJ represented that prior to deciding this case, he would "speak with the field office to try to understand what happened to Ms. Blount's previous disability," yet the prior record was not provided, and the ALJ's decision only references the procedural history of the earlier determination and termination noting it was never appealed and is thus final and binding.

The plaintiff's hearing testimony indicates she was mentally and emotionally incapable of appealing the prior unfavorable decision or proceeding to have a hearing on the continuing disability review. Therefore, the plaintiff argues the file should be located to ascertain the basis

for her disability finding in 2010 and the substantive basis for the termination thereof in 2017 to determine whether she actually experienced "medical improvement" warranting the 2017 termination of benefits. The plaintiff appears to argue that this information is relevant to the instant disability review and should have been obtained on that basis. The Commissioner simply responds that the plaintiff failed to request reconsideration of the 2017 cessation of benefits within the time allowed by the regulations making the Commissioner's decision final and unappealable.

No authority has been provided to this court enabling it to order the administration to provide a separate earlier, fully adjudicated disability determination on remand. Practically speaking, the proper procedure for obtaining a previous disability determination would be to petition the ALJ in *that* proceeding – not seek to obtain the determination via a subsequent disability proceeding. Regardless, the court is not persuaded that the evidentiary basis for the earlier determination is so relevant that without it, the ALJ's decision in *this* case is not supported by substantial evidence. While it does not appear that the plaintiff is seeking the earlier determination for any other purpose than to discover the basis for the ALJ's decision to terminate benefits, *i.e.*, she is not seeking to re-adjudicate the 2017 determination as the Commissioner suggests, the absence of the earlier decision in this case does not deprive the ALJ's decision of the substantial evidence required to uphold the ALJ's findings. Notably, there is nearly a two-year gap between the termination of benefits in 2017 and the alleged onset date in this case. The court does not find that the earlier decision is relevant to the ALJ's decision herein and will not remand on this basis.

Finally, the plaintiff contends the Appeals Council improperly declined to consider additional evidence submitted after the administrative hearing. The Appeals Council considered

records from University Hospital dated January 20, 2023, to January 30, 2023, and concluded the new evidence "did not show a reasonable probability that it would change the outcome of the decision."

The plaintiff argues these records evidence a deterioration in her mental health subsequent to the last records the ALJ considered from July 2022 documenting improved symptoms. The plaintiff contends the new records show that the improvements in July 2022 were only temporary and demonstrate her continuing problems up to and through the date of the ALJ hearing. The court finds this to be only partially true. The three treatment records between January 20 and January 30, 2023, document subjective complaints of increased anxiety, panic attacks, and insomnia attributed to oral steroids but also reveal that "she has since been able to stop this medication." While these records show that the plaintiff was "severely depressed and anxious" and "continu[ed] to exhibit and report symptoms of anxiety and panic attacks," they also show that "she [was] sleeping well at night," had "no reported irritability or anger outbursts," and experienced a reduction of her "elevated anxiety and panic attacks" due to Xanax.

Considering this new evidence that is now part of the record on appeal, the court does not find a basis for remand. Because the new evidence is largely duplicative of the evidence the ALJ considered and included in his decision – "anxiety and depression, symptoms of low mood, energy and motivation, disturbed sleep, poor appetite and concentration, and racing thoughts […] frequent panic attacks described as difficulty breathing, extreme nervousness" – there is no basis to conclude that the ALJ's consideration of these records would have changed the outcome of this case. *See Love v. Colvin*, 2013 WL 5771196, at *5 (N.D. Tex. Oct. 24, 2013) (finding new evidence did not contradict earlier evidence and was similar to evidence already in the record

and considered by the ALJ, thus the ALJ's decision remained supported by substantial evidence). The new evidence submitted to the Appeals Council "does not dilute the record to such an extent that the ALJ's determination [has become] insufficiently supported." *Id*. Therefore, there was no error and remand is not required.

Accordingly, the court finds there is no reversible error, and the Commissioner's decision is supported by substantial evidence in the record. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this the 30th day of July, 2024.

/s/ David A. Sanders
U.S. MAGISTRATE JUDGE